UNITED STATES DISTRICT COURT
DISTRICT OF OREGON

KARLY GREICO, et al.,

    Plaintiffs,

    v.

UNITED STATES OF AMERICA,

    Defendant.

No. 1:14-CV-00933-RHW

**ORDER RE: DEFENDANT'S MOTION TO DISMISS**

Before the Court is Defendant's Motion to Dismiss for Lack of Jurisdiction. ECF No. 10. Plaintiffs are represented by attorney David M. Moule and Defendant United States of America ("the Government") is represented by Assistant United States Attorneys Natalie K. Wright and Ronald K. Silver. After initially scheduling oral argument, the Court has reconsidered and decided the motion without oral argument. The hearing set for April 16, 2015, is stricken.

## **BACKGROUND**

On June 10, 2014, Plaintiffs Karly Greico, as the personal representative for the estate of James Harrison Georgeson, and Kaiden Haight initiated this action by filing a complaint in the United State District Court for the District of Oregon, Medford Division. ECF No. 1. Ms. Greico brings suit under the Federal Tort Claims Act ("FTCA") for the alleged wrongful death of Mr. Georgeson and Ms. Haight also brings suit under the FTCA for personal injuries arising out of the same set of events. *Id*. On November 10, 2014, the Government filed the instant

**ORDER RE: DEFENDANT'S MOTION TO DISMISS ~ 1**

Motion to Dismiss for Lack of Jurisdiction. ECF No. 10. Thereafter, the Plaintiffs responded in opposition and the Government replied in support. ECF Nos. 21, 27. Having considered the submissions of the parties, the record, and relevant law, the Court GRANTS in part and DENIES in part, the Government's Motion to Dismiss for Lack of Jurisdiction.

## FACTS

On January 5, 2012, United States Marshals shot and killed James Harrison Georgeson in the parking lot of a grocery store in Medford, Oregon. ECF No. 1 at ¶ 11. At the time of the shooting, the Marshals were attempting to take Mr. Georgeson into custody pursuant to an arrest warrant that had been issued for him. *Id*. Mr. Georgeson was in the driver's seat of his father's car along with two passengers, one of whom was Plaintiff Haight. *Id*. at ¶ 12. The Marshals had been advised by a confidential informant that Mr. Georgeson was going to be in the parking lot of the grocery store at a specified time and they were waiting in unmarked cars when he arrived. *Id*. While Georgeson was parked, the Marshals attempted to box in his vehicle with theirs. *Id.* at ¶ 13. In response, Georgeson backed up, hit a pillar, and attempted to elude the Marshals. *Id*. at ¶ 14. As Georgeson attempted to get away, the Marshals shot into his vehicle at least 20 times, killing him and causing injuries to Ms. Haight. *Id.* at ¶ 15.

The Government moves to dismiss Plaintiffs' complaint because it believes that the discretionary function exception ("DFE") to the FTCA bars Plaintiffs' claims. ECF No. 10 at 5.

## DISCUSSION

**1. Legal Standard for Motion to Dismiss**

Under Fed. R. Civ. P. 12(b)(1), a party may base an argument that the court lacks subject matter jurisdiction because of the discretionary function exception on

**ORDER RE: DEFENDANT'S MOTION TO DISMISS** ~ 2

either a "facial or factual" challenge. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In resolving a factual challenge, such as the one put forth by the Government in this matter, the Court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Where "the jurisdictional issue and substantive claims are so intertwined that resolution of the jurisdictional question is dependent on factual issues going to the merits, the district court should employ the standard applicable to the motion for summary judgment." *Autery v. United States*, 424 F.3d 944, 956 (9th Cir. 2005) (quoting *Rosales v. United States*, 824 F.2d 799, 803 (9th Cir. 1987)). In cases under the FTCA, merits are often closely intertwined with jurisdiction. *See Safe Air for Everyone*, 373 F.3d at 1039 (intertwined where statute provides the basis for both subject matter jurisdiction and plaintiff's substantive claim).

### 2. The FTCA and the Discretionary Function Exception

The FTCA is a limited waiver of sovereign immunity, which can render the United States liable for certain torts of federal employees. *See* 28 U.S.C. § 1346(b). The FTCA provides,

> Subject to the provisions of chapter 171 of this title, the district courts, ..., shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

There are, however, limited exceptions to this waiver of sovereign immunity. One such exception is the discretionary function exception which excludes:

**ORDER RE: DEFENDANT'S MOTION TO DISMISS ~ 3**

> Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a).

"The discretionary function exception insulates certain governmental decision-making from judicial second guessing of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." *Myers v. United States.*, 652 F.3d 1021, 1028 (9th Cir. 2011) (internal citations omitted). "The plaintiff has the burden of showing that there are genuine issues of material fact as to whether the exception should apply, but the government bears the ultimate burden of establishing that the exception applies." *Green v. United States*, 630 F.3d 1245, 1248-49 (9th Cir. 2011) (citing *Miller v. United States*, 163 F.3d 591, 594 (9th Cir. 1998). Additionally, "[t]he FTCA was created by Congress with the intent to compensate individuals harmed by government negligence, and as a remedial statute, it should be construed liberally, and its exceptions should be read narrowly." *Terbush v. United States*, 516 F.3d 1125, 1135 (9th Cir. 2008).

A two-step test is used to determine whether the discretionary function applies. *Terbush*, 516 F.3d at 1129 (citing *Berkovitz v. United States*, 486 U.S. 531, 536–37 (1988)). In the first step, the court determines "whether challenged actions involve an element of judgment or choice." *Id*. (quoting *Berkovitz*, 486 U.S. at 536). If the challenged actions do involve an element of judgment or choice, then the court turns to the second step in the test. *Id*. The second step requires the court to decide "'whether that judgment is of the kind that the discretionary function exception was designed to shield,' namely, 'only governmental actions and

**ORDER RE: DEFENDANT'S MOTION TO DISMISS** ~ 4

decisions based on considerations of public policy.'" *Terbush*, 516 F.3d at 1130 (quoting *Berkovitz*, 486 U.S. at 536–37). The exception applies even if the decision is an abuse of discretion. *Id*.

The crux of the Plaintiffs' argument is that the Marshals violated mandatory policy directives surrounding their decision to use deadly force. ECF No. 21 at 7. Plaintiffs also appear to argue that the Marshals violated their policy by attempting to arrest Mr. Georgeson in a crowded grocery store parking lot. ECF No. 21 at 9. Each of these decisions will be analyzed separately by the Court.

### A. The Decision to Initiate the Arrest in a Crowded Grocery Store Parking Lot

The Court finds that the Marshals' decision to initiate the arrest in a crowded parking lot meets the aforementioned two-part test because the decision involved an element of judgment and the judgment is susceptible to public policy considerations. Plaintiffs make much of the fact that before deciding on a location to attempt the arrest, the Marshals knew about Mr. Georgeson's prior criminal history, his previous attempt to escape arrest, his drug use, and that he was in a desperate mental state. ECF No. 21 at 2-3. While it can certainly be argued that it was negligent for the Marshals to initiate the arrest in a crowded parking lot knowing all these things, negligence has no bearing on a discretionary function analysis. *See* 28 U.S.C. § 2680(a) (expressly barring a claim based on abuse of discretion). "[N]egligence is simply irrelevant to the discretionary function inquiry… if the presence of negligence were allowed to defeat the discretionary function exception, the exception would provide a meager shield indeed against tort liability." *Kennewick Irr. Dist. v. United States*, 880 F.2d 1018, 1029 (9th Cir. 1989). Additionally, Plaintiffs have not put forth any evidence that the Marshals' decision to initiate the arrest in the crowded parking lot violated a specific, mandatory policy. The argument is premised on negligence, which as described above, does not factor into the discretionary function exception analysis.

**ORDER RE: DEFENDANT'S MOTION TO DISMISS ~ 5**

The decision of where to initiate an arrest involves an element of choice or judgment because there are no set policy directives mandating the precise manner in which an arrest should be made. Secondly, an investigatory decision such as this is susceptible to policy analysis. *See Alfrey v. United States*, 276 F.3d 557, 566 (9th Cir. 2002) (holding that investigations by federal officers clearly involve the type of policy judgments protected by the discretionary function exception). Accordingly, the Court finds that discretionary function exception bars Plaintiffs' claim regarding the Marshals' decision to initiate the arrest at a crowded grocery parking lot. As to the tactical decisions made by the Marshals prior to the shooting, Defendant's Motion to Dismiss for Lack of Jurisdiction is **GRANTED.**

### B. The Decision to Use Deadly Force

The gravamen of Plaintiffs' argument centers on the Marshals' decision to use deadly force. ECF No. 21 at 7. The United States Marshals Service Policy Directives on the Use of Force, ECF No. 11-1, provide that:

> Deputy U.S. Marshals must always use the minimum force reasonably necessary to protect themselves or others from bodily harm, to restrain a resistant prisoner or suspect, to make an arrest or to prevent a prisoner from escaping. Use of a higher level of force is permitted only when it is warranted by the subject's actions, apparent intentions and apparent capabilities.
>
> The use of force must be objectively reasonable under all the circumstances known to the deputy at the time and may range from verbal coercion to the use of firearms. If means other than deadly force appears to be sufficient to accomplish the objective, deadly force should not be used.
>
> Deputies may use deadly force only when necessary, that is, when the deputy has a reasonable belief that the subject of such force poses an imminent danger of death or serious physical injury to the deputy or another person. Deadly force may not be used solely to prevent the escape of a fleeing suspect or an escaping USMS detainee. A deputy may use deadly force against a fleeing suspect or escaping USMS detainee only when the deputy has a reasonable belief that the suspect

**ORDER RE: DEFENDANT'S MOTION TO DISMISS** ~ 6

or detainee poses an imminent danger of death or serious physical injury to the deputy or to another person.

Here, there is a specific, mandatory policy in place that states the Marshals must use the minimum force reasonably necessary to protect themselves or others from bodily harm. ECF No. 11-1. If the challenged conduct involves a "federal statute, regulation, or policy [that] specifically prescribes a course of action for an employee to follow," the discretionary function exception does not apply. *Gaubert*, 499 U.S. at 326. A mandatory and specific statute or regulation must be one that "creates clear duties incumbent upon government actors." *Kennewick Irr. Dist.*, 880 F.2d at 1026 (9th Cir. 1989). Here, the policy at issue mandates that the Marshals *must always use the minimum force necessary*. ECF No. 11-1(emphasis added). Applying the standard applicable to a motion for summary judgment as instructed by *Autery*, the Court finds that there is a genuine issue of material fact regarding whether the Marshals adhered to the mandatory directive to use the minimum force necessary. Thus, Defendant has not met the burden necessary to invoke the discretionary function exception and its Motion to Dismiss for Lack of Jurisdiction is **DENIED** as to the decision to use deadly force**.**

    Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Dismiss for Lack of Jurisdiction, **ECF No. 10**, is **GRANTED in part and DENIED in part.**
2. The hearing set for April 16, 2015, in Medford, Oregon is **STRIKEN.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to counsel.

**DATED** this 1st day of April, 2015.

                        *s/Robert H. Whaley*
                      ROBERT H. WHALEY
                Senior United States District Judge

**ORDER RE: DEFENDANT'S MOTION TO DISMISS** ~ 7