UNITED STATES DISTRICT COURT
DISTRICT OF OREGON

| | |
|---|---|
| KARLY GREICO, et al., | No. 1:14-CV-00933-RHW |
| Plaintiffs, | |
| v. | **ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

Before the Court is Defendant's Motion for Summary Judgment, ECF No. 35. The Court held a telephonic hearing on this Motion on September 30, 2015. Plaintiffs are represented by David Moule, while Assistant United States Attorney Natalie K. Wight represents the Defendant.

## BACKGROUND

On June 10, 2014, Plaintiffs Karly Greico, as the personal representative for the estate of James Harrison Georgeson, and Kaiden Haight initiated this action by filing a complaint in the United States District Court for the District of Oregon, Medford Division. ECF No. 1. Ms. Greico brings suit under the Federal Tort Claims Act ("FTCA") for the alleged wrongful death of Mr. Georgeson and Ms. Haight also brings suit under the FTCA for personal injuries arising out of the same set of events. *Id*. On November 10, 2014, the Government filed the instant Motion to Dismiss for Lack of Jurisdiction. ECF No. 10. The Court granted in part

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1**

and denied in part Defendant's Motion to Dismiss. ECF No. 29. Defendant now moves the Court to dismiss Plaintiffs' sole remaining claim, the decision to use lethal force. ECF No. 35. Plaintiffs responded in opposition on August 31, 2015 and Defendant replied in support of their motion on September 14, 2015. ECF Nos. 52 and 57.

## DISCUSSION

Summary judgment may be granted to a moving party who demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The moving party bears the initial burden of demonstrating the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The burden then shifts to the non-moving party to identify specific facts showing there is a genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the [trier-of-fact] could reasonably find for the plaintiff." *Id*. at 252.

For purposes of summary judgment, a fact is "material" if it might affect the outcome of the suit under the governing law. *Id*. at 248. A dispute concerning any such fact is "genuine" only where the evidence is such that the trier-of-fact could find in favor of the non-moving party. *Id*. "[A] party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Id*. (internal quotation marks omitted); *see also First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288–89, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968) (holding that a party is only entitled to proceed to trial if it presents sufficient,

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 2

probative evidence supporting the claimed factual dispute, rather than resting on mere allegations). Moreover, "[c]onclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). In ruling upon a summary judgment motion, a court must construe the facts, as well as all rational inferences therefrom, in the light most favorable to the non-moving party, *Scott v. Harris*, 550 U.S. 372, 378, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007), and only evidence which would be admissible at trial may be considered, *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002).

After carefully considering the oral argument, the memoranda filed in support of the motion, the memorandum filed in opposition, and also resolving all rational inferences in favor of the Plaintiffs, the Court concludes that there are genuine issues of material fact that must be resolved at trial. As such, the Court denies Defendant's Motion for Summary Judgment. A new scheduling order will be issued in a separate filing.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Summary Judgment, **ECF No. 35**, is **DENIED.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to counsel.

**DATED** this 2nd day of October, 2015.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 3